UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODERICK SKINNER,<br><br>　　　　　　　Petitioner,<br>　v.<br>PERRY RUSSELL, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:21-cv-00318-MMD-CLB<br><br>ORDER |

On August 2, 2021, the Court denied Petitioner Roderick Skinner's application to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 5.) Skinner has complied with that order and paid the required fee. (ECF No. 6.) The Court has reviewed Skinner's petition (ECF No. 1-1) pursuant to Habeas Rule 4, and the petition shall be filed herein and served upon the Respondents.

A petition for federal habeas corpus should include all claims for relief of which Skinner is aware. If Skinner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Skinner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

In addition, Skinner has filed a motion for appointment of counsel. (ECF No. 1-2.) Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney*

*v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his or her claims. *See Chaney*, 801 F.2d at 1196.

Here, Skinner's petition is sufficiently clear in presenting the issues that Skinner wishes to bring. Also, the issues in this case are not particularly complex. As such, it does not appear that appointment of counsel is warranted in this instance. Thus, Skinner's motions for appointment of counsel will be denied.

The Clerk of Court is therefore directed to file Petitioner Roderick Skinner's petition for writ of habeas corpus (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2) and electronically serve the petition and a copy of this order on Respondents.

The Clerk of Court is further directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents *and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only*.

It is further ordered that Respondents shall have 60 days from the date of entry of this order to appear in this action, and to answer or otherwise respond to Skinner's petition.

It is further ordered that if Respondents file an answer, Skinner shall have 60 days from the date on which the answer is served on him to file and serve a reply. If Respondents file a motion to dismiss, Skinner shall have 60 days from the date on which that motion is served on him to file and serve a response to the motion to dismiss, and Respondents shall, thereafter, have 30 days to file a reply in support of that motion.

It is further ordered that any additional state court record exhibits filed herein by either Skinner or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment**.** The hard copy of any

additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in *Reno*.

It is further ordered that Skinner's motions for appointment of counsel (ECF No. 1-2 & ECF No. 7) are denied.

DATED THIS 23rd Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE