UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RODERICK SKINNER, | Case No. 3:21-cv-00318-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| PERRY RUSSELL, *et al.*, | |
| Respondents. | |

In this habeas corpus proceeding under 28 U.S.C. § 2254, Respondents have filed a motion to dismiss Ground 1, one of three Grounds for relief contained in Petitioner Roderick Skinner's habeas petition. (ECF No. 17.) In Ground 1, Skinner alleges his conviction and sentence are unconstitutional because computer evidence supporting his conviction was destroyed before he had an opportunity to seek habeas corpus relief. (ECF No. 9 at 3.) Respondents argue that the claim is foreclosed by Skinner's plea of guilty to the charge for which he was convicted.

In *Arizona v. Youngblood*, the Supreme Court held that, absent a showing of bad faith, there is no denial of due process where the police fail to preserve potentially useful evidence. 488 U.S. 51, 57-59 (1988). While the holding establishes the possibility for habeas relief upon a showing of bad faith, the Court in *Youngblood* was addressing the state's obligation to preserve evidence prior to trial. "A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68 (2009). The Court in *Osborne* held that there is no substantive due process right to obtain post-conviction access to the state's evidence. *Id.* at 72. The Court allowed for the possibility that a state could violate an inmate's limited liberty interest in pursuing post-conviction relief, but only if the state procedures "offend[ ] some principle of justice so rooted in the traditions and conscience

of our people as to be ranked as fundamental," or "transgress[ ] any recognized principle of fundamental fairness in operation." *Id.* (citations omitted).

Skinner alleges the state was aware that he was pursuing post-conviction relief in state court when it disposed of the computer evidence supporting his conviction. If Skinner had been found guilty after a trial, it is conceivable (though doubtful) that he could demonstrate the state violated a principle of fundamental fairness by intentionally getting rid of evidence it knew to be exculpatory. In light of Skinner's guilty plea, however, Skinner's allegations fail to establish the state violated his right to fundamental fairness in post-conviction proceedings. *See Tollett v. Henderson*, 411 U.S. 258, 266 (1973) ("The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity.") Thus, Ground 1 fails to state a cognizable claim for federal habeas relief.

Alternatively, this Court must defer to the Nevada courts' rejection of Ground 1 on the merits. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a petitioner's constitutional claim was adjudicated on the merits in state court proceedings, a federal court must defer to the state court decision unless it "(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court." *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018) (quoting *Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011)).

Skinner presented Ground 1 to the Nevada Court of Appeals in his state post-conviction proceeding. (ECF No. 19-40 at 22-30.) The state court addressed the claim as follows:

> Skinner argues the district court erred by denying his claim that his due process rights were violated when the State destroyed all evidence of his guilt after his conviction was final but before his postconviction petition was litigated. In his supplemental petition below, he argued the State should have retained this evidence and he was prejudiced by the State's failure because he was unable to litigate one of the grounds raised in his petition. Arguing that postconviction proceedings are "a continuation of the defense," Skinner relied on cases that held a defendant's due process rights may be

2

> violated where evidence was lost, not preserved, or not collected by the State prior to trial. *See Arizona v. Youngblood*, 488 U.S. 51 (1988); *Crochett v. State*, 95 Nev. 859, 603 P.2d 1078 (1979); *Howard v. State*, 95 Nev. 580, 600 P.2d 214 (1979); *Higgs v. State*, 126 Nev. 1, 222 P.3d 648 (2010).
>
> Postconviction proceedings are not the same as direct appeals and are not part of the criminal proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) ("Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature."). And convicted persons do not have the same due process rights as those who are presumed innocent. *See District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009). Skinner's reliance on cases addressing only the pretrial destruction of evidence did not demonstrate his due process rights were violated. Accordingly, we cannot conclude the district court erred by denying Skinner's due process argument.

(ECF No. 19-46 at 2-3.) This decision was not contrary to clearly established federal law, did not involve an unreasonable application of such law, nor was it was based on an unreasonable determination of the facts.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 17) is granted. Ground 1 is dismissed from Skinner's habeas petition (ECF No. 9).

It is further ordered that Respondents have 60 days from the date of entry of this order to file an answer to the remaining Grounds for relief in the petition. Skinner shall have 60 days from the date on which the answer is served on him to file and serve a reply.

It is further ordered that Respondents' motion to extend time (ECF No. 16) is granted *nunc pro tunc* as of October 19, 2021.

DATED THIS 4th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE