UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RODERICK SKINNER, | Case No. 3:21-cv-00318-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| PERRY RUSSELL, *et al.*, | |
| Respondents. | |

In this habeas corpus proceeding under 28 U.S.C. § 2254, the Court dismissed Ground 1, one of three Grounds for relief contained in Petitioner Roderick Skinner's habeas petition. (ECF No. 22.) In response, Skinner has filed three motions: (1) motion for leave to amend his petition; (2) motion for reconsideration; and (3) motion for appointment of counsel. (ECF Nos. 23, 24, 25.) Additionally, Skinner has filed a motion for leave to file a supplement to his petition. (ECF No. 32.) For reasons that follow, Skinner's motions (ECF Nos. 23, 24, 25, 32) are denied.

In Ground 1, Skinner alleged his conviction and sentence are unconstitutional because computer evidence supporting his conviction was destroyed before he had an opportunity to seek habeas corpus relief. (ECF No. 9 at 3.) The Court concluded that Ground 1 failed to state a cognizable claim for federal habeas relief because Skinner was convicted based a guilty plea. (*See* ECF No. 22 at 2 (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)).) Alternatively, the Court concluded that the claim fails because the Antiterrorism and Effective Death Penalty Act of 1996 requires the Court to defer to the Nevada court's denial of the claim. (*Id.* at 2-3.)

In seeking reconsideration of the Court's dismissal of the claim, Skinner contends the Court misconstrued Ground 1 because it was not merely about the destruction of evidence. (ECF No. 24.) According to Skinner, he was also alleging a violation of his

1    rights arising from a subpoenaed witness's failure to appear at Skinner's state post-

2    conviction hearing. (*Id.* at 2.) Even so, claimed errors arising in post-conviction relief

3    proceedings are not cognizable in habeas corpus proceedings under 28 U.S.C. § 2254

4    because they do not challenge a petitioner's detention. *See Franzen v. Brinkman*, 877

5    F.2d 26 (9th Cir. 1989) (per curiam); *see also Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir.

6    1998) (finding that the post-convictions court's failure to appoint petitioner counsel in his

7    second post-conviction proceedings did not constitute a basis for a federal habeas claim);

8    *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (stating errors in the post-

9    conviction proceeding were not cognizable in federal habeas corpus proceedings). Thus,

10   Skinner has not provided grounds for this Court to reconsider its dismissal of Ground 1.

11         With respect to his motion for leave to amend his petition (ECF No. 23), Skinner

12   did not attach a proposed amended pleading. *See* LR 15-1(a) (requiring the moving party

13   to attach the proposed amended pleading to a motion for leave to amend). Based on

14   attachments to Skinner's reply (ECF No. 29-1) in support of his motion and his motion for

15   leave to supplement his petition (ECF No. 32-1), Skinner wants to add claims alleging his

16   attorney provided ineffective assistance of counsel in his state post-conviction

17   proceeding. Such claims are expressly barred by federal statute. *See* 28 U.S.C. § 2254(i);

18   *Martel v. Clair*, 565 U.S. 648, 662 n.3 (2012) ("[28 U.S.C.] § 2254(i) prohibits a court from

19   granting substantive habeas relief on the basis of a lawyer's ineffectiveness in post-

20   conviction proceedings."). Accordingly, this Court must deny Skinner's motions for leave

21   to amend and leave to supplement. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th

22   Cir.1995) (articulating that futility of amendment itself justifies the denial of a motion for

23   leave to amend).

24         As for his motion for appointment of counsel (ECF No. 25), Skinner asserts that

25   counsel should be appointed because Skinner's lack of counsel resulted in the dismissal

26   of Ground 1. For reasons stated, any claim based on the State's failure to preserve

27   evidence after Skinner's guilty plea or to provide him with effective assistance of counsel

28   ///

1   in post-conviction proceedings is without merit. Therefore, the Court's dismissal of
2   Ground 1 does not serve as reason to appoint counsel in this case.
3        It is therefore ordered that Petitioner Roderick Skinner's motion for leave to amend
4   his petition (ECF No. 23), motion for reconsideration (ECF No. 24), motion for
5   appointment of counsel (ECF No. 25), and motion for leave to file a supplement to his
6   petition (ECF No. 32) are denied.
7        It is further ordered that Respondents' motion to strike (ECF No. 31) is denied as
8   moot.
9        It is further ordered Respondents' motion for enlargement of time (ECF No. 35) is
10  granted *nunc pro tunc* as of June 1, 2022. Respondents will have 30 days from the date
11  of entry of this order to file an answer to the remaining Grounds for relief in the petition.
12  Skinner shall have 60 days from the date on which the answer is served on him to file
13  and serve a reply.
14       It is further ordered that Skinner's request for entry of a default (ECF No. 36) is
15  denied.
16       DATED THIS 6th Day of June 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3